**STATE of Missouri, Plaintiff–Respondent,**

v.

**Dwight D. LEE, Defendant–Appellant.**

No. 18698.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 1994.

Jon Van Arkel, Dist. Public Defender, Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Barbara A. Bean, Asst. Pros. Atty., Greene County, Springfield, for plaintiff-respondent.

GARRISON, Judge.

Dwight D. Lee (Appellant) was found guilty by the trial court of two misdemeanors: leaving the scene of a motor vehicle accident, § 577.060, RSMo Cum.Supp.1989, and following too closely, § 304.017, RSMo 1986. By his single point on this appeal, Appellant contends that the evidence was insufficient to support his conviction on either of the charges.

The sufficiency of the evidence is determined by the same standard whether the case is tried by the court or a jury. *State v. Harris,* 774 S.W.2d 487, 491 (Mo. App.1989). Thus, we are to accept as true all evidence and reasonable inferences that support the conviction and disregard all contrary evidence and inferences. *Id.* We are not permitted to weigh the evidence, but we review the record only to determine whether there was sufficient evidence from which the

trier of fact could reasonably have found the defendant guilty. *Id. See also State v. Seeger*, 725 S.W.2d 39, 40 (Mo.App.1986).

A review of the evidence under those guidelines results in the following summary of the facts. On June 8, 1992, at approximately 11:30 p.m., a Ford Explorer driven by Jeffrey Driscoll (Driscoll) was southbound, stopped at a stop sign on Golden Avenue at its intersection with Highway M in Springfield. While waiting for traffic to clear on Highway M, his vehicle was struck from the rear and knocked across the intersection and off the roadway. As a result, it sustained damage to the rear bumper, tailgate and right quarter panel. Driscoll described the vehicle which struck him as a short-bed, small-sized pickup truck (the truck). When Driscoll got out of his vehicle, he saw the truck sitting in the intersection, about fifteen yards behind him, with front end damage. He testified that the sole occupant of the truck was a man who got out of the driver's door, walked down to the front corner of the truck, looked at it and then looked at Driscoll. Driscoll at first thought he was all right and waved to the other man, but then a back spasm caused him to kneel down on one knee. When Driscoll again looked, the man got back in the truck and drove off. At trial, Driscoll identified Appellant as the man who got out of and then re-entered the truck before leaving the scene without saying anything to him.

Eric Moore (Moore) was traveling west on M Highway. As he went through the intersection at Golden, he noticed Driscoll's Explorer stopped at the stop sign. After going through the intersection, he saw the accident in his rearview mirror and returned to the scene. As he was returning, he was met by the truck leaving the scene, which he described as a Chevrolet S-10 pickup. Moore pursued the truck, at Driscoll's request that he get the license number. When the other truck stopped approximately two miles from the scene of the accident, Moore also stopped his vehicle about twenty feet behind it with his lights on bright. A man, who Moore identified as Appellant, alighted from the other truck, said, "Get the hell out of here," and started toward Moore's vehicle. With

that, Moore left and returned to the scene of the accident.

Appellant admitted that he had driven a Chevrolet S-10 pickup (he described it as "the truck they're talking about") earlier in the evening but that he had left it in his driveway two and one-half to three hours before the accident. He denied driving the truck again that evening or knowing what happened to it.

In his sole point on this appeal, Appellant contends that the State failed to prove that he was the driver of the vehicle involved or that he knew property had been damaged.

■ There was sufficient evidence from which the court could conclude that Appellant was the driver of the truck which struck Driscoll's vehicle. Driscoll and Moore both had the opportunity to observe the driver and identified Appellant as that person. In addition, Appellant acknowledged that he had previously had access to the truck on the same evening.

Appellant cites no authority for his argument that the evidence was insufficient to support a finding that he was the driver. Rather, he points to what he labels as inconsistencies in the testimony of both Driscoll and Moore. He argues that neither was able to give a detailed description of the driver; Driscoll said the driver was wearing a flannel shirt, baseball cap and blue jeans at the scene of the accident, while Moore testified that when he was confronted by the driver later, he was wearing Levis and a plaid shirt with no mention of a baseball cap; and Driscoll admitted that he told the Highway Patrolman who investigated the accident that he could not identify the driver. Appellant also points to his testimony that he was not the driver of the truck.

■ All of these arguments, however, are directed toward the credibility of the witnesses. Credibility and weight of the testimony are, however, for the trier of fact, who may believe all, some or none of a witness' testimony in light of the facts, circumstances and other testimony in the case. *State v. Allen*, 800 S.W.2d 82, 85 (Mo.App.1990); *State v. Smith*, 633 S.W.2d 412, 415–16 (Mo. App.1982). The court's statement in *Smith*,

*supra,* concerning the identification issue is apropos here:

> Considering all of the testimony, and the facts and circumstances, Mrs. Ray's identification of appellant as the culprit is not so inherently unbelievable or improbable that it should be disregarded as a matter of law, thus causing the state's case to fail.

*Id.* at 415. Likewise, the weight to be given the testimony in the instant case was for the court. There was sufficient evidence to support the trial court's finding that Appellant was the driver of the truck involved in the accident and that he left the scene.[1]

■ Appellant also argues that the charge of leaving the scene cannot be sustained because there was insufficient proof that he knew property had been damaged. "Knowledge" is a necessary element of that offense.[2]

■ "Knowing" as used in the statute has been construed as meaning "actual knowledge rather than mere constructive knowledge, or such notice as would put one on inquiry, and more than mere negligence in failing to know, or the mere presence of facts which might have induced the belief in the mind of a reasonable person." *State v. Dougherty,* 358 Mo. 734, 216 S.W.2d 467, 472 (1949). Actual knowledge, however, may be proved by indirect evidence and inferences reasonably drawn from circumstances surrounding the incident. *State v. Clayton,* 823 S.W.2d 17, 18 (Mo.App.1991); *State v. Allen,* 800 S.W.2d 82, 85 (Mo.App.1990); *State v. Seeger,* 725 S.W.2d at 44. *See also State v. Teter,* 633 S.W.2d 417, 420 (Mo.App.1982).

■ In the instant case, there was undisputed evidence that Driscoll's vehicle was knocked across two lanes of traffic and sustained damage to the rear. There was also evidence that the truck which had damage to

its front stopped at the scene following the accident; the driver and sole occupant got out and walked to the front where the damage existed; the driver left the scene; and later the driver ordered Moore, in a threatening way, to quit following him. This evidence was sufficient to support a finding that the driver of the truck had knowledge that property damage had occurred to Driscoll's vehicle. *See State v. Teter,* 633 S.W.2d at 420. We have already concluded earlier in this opinion that the evidence was sufficient from which the trial court could have found that Appellant was the driver of the truck.

The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.

---

1. Appellant makes no issue relating to the charge of following too close other than the sufficiency of the evidence to prove his identity as the driver.

2. Section 577.060 provides, in pertinent part:
   1. A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway ... and knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence ... motor vehicle number and driver's license number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.
   The information in the instant case charged that Appellant "was a party to an accident that caused one or more persons to sustain property damage, and the defendant knew that such damage had occurred...."